UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re:

NICHOLAS P. HEILMAN,　　　　　　　　　　Case No. 05-08319-PCW7

　　　　Debtor.

PAM HEILMAN,

　　　　Plaintiff,　　　　　　　　　　　　　　Adv. No. 08-80093-PCW

　vs.

NICHOLAS HEILMAN,　　　　　　　　　　MEMORANDUM DECISION

　　　　Defendant.

THIS MATTER comes before the Court upon stipulated facts. Plaintiff Pam Heilman seeks entry of a declaratory judgment declaring that defendant's obligations pursuant to the Lincoln County Superior Court Dissolution action under cause No. 06-3-01785-9 was not discharged by the debtor's discharge granted by this Court on January 11, 2006. The plaintiff seeks all costs and attorney fees as provided by law. This matter was presented to the Court without oral argument.

On April 14, 2002, plaintiff and debtor were married. During the marriage, the parties received from March 2004 through December 2004 approximately $42,000 as loans from plaintiff's parents. The loans were for the primary purpose of supporting the plaintiff's daughter. Based on this financial arrangement, plaintiff discontinued use of community funds to financially support plaintiff's daughter. Debtor filed a Chapter 7 petition on October 3, 2005. The bankruptcy trustee determined that debtor's bankruptcy was a no asset case on November 9, 2005. On January 11, 2006, the debtor was granted a discharge.

MEMORANDUM DECISION - 1

On June 9, 2006, plaintiff filed a petition for dissolution in the Superior Court for Lincoln County, and both parties participated in the proceeding. The marriage was dissolved by agreed order of the court on September 18, 2006. The Decree of Dissolution (hereinafter "Decree") identifies the loans as "community liabilities." The Decree includes a hold harmless provision, which requires debtor to "hold harmless" the former wife from collection efforts regarding the "community obligations," including these loans by the former wife's parents.

On August 15, 2008, plaintiff commenced an adversary proceeding in this court seeking a declaratory judgment declaring that the debtor's obligation to pay loans under the Decree was not discharged by the debtor's discharge granted on January 11, 2006. Based upon 11 U.S.C. §§ 727(b) and 524(a)(3), this court concludes that the debtor's obligation to pay the community debt was discharged in the debtor's bankruptcy proceeding.

Under § 727(b), a discharge under chapter 7 discharges the debtor from all debts that arose before the date of the order for relief, and any liability on a claim that had arisen before commencement of the case, whether or not a proof of claim is filed under § 501 or allowed under § 502. Section 524(a)(3) provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor . . . that is acquired after the commencement of the case, on account of any allowable community claim . . . ."

The state court determined, upon agreement of the parties, that the loans were made to the community. Liability on the loan by the debtor and liability by the community was discharged by the Bankruptcy Court on January 11, 2006. No community liability nor any separate liability of the debtor existed as of the bankruptcy discharge. Under § 524, liability on the discharged debt cannot be revived except in very specific circumstances. None of those exceptions are applicable to this debt. Entry of a Decree of divorce in state court does not result in the revival of a debt validly discharged in a bankruptcy proceeding. The plaintiff argues that the court may enforce a hold harmless provision created by the Decree. The community obligations referenced in the Decree did not exist at the time of the Decree. The plaintiff cannot hold harmless another party for an obligation that does not exist. The obligation was discharged.

MEMORANDUM DECISION - 2

The plaintiff's Complaint for Declaratory Judgment Regarding Discharge of Debt must be **DISMISSED**. The Court will enter an order accordingly.

*Patricia C. Williams*
Patricia C. Williams
Bankruptcy Judge

04/21/2009 11:53:46

MEMORANDUM DECISION - 3